IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRY LEWIS ASTROP,
          Plaintiff,

v.                                          Civil Action No. 3:16-cv-36-JAG

ANITA NEWTON,
          Defendant.

## OPINION

Anita Newton allegedly called the police and reported marijuana scents coming from Henry Astrop's apartment and accused Astrop of smoking marijuana. From what the Court can piece together, Astrop has sued Newton because he argues that the calls and accusations constitute harassment and defamation.

Federal courts are courts of limited jurisdiction. Specifically, federal courts can only hear cases that present a federal question, 28 U.S.C. § 1331, and cases for over $75,000 that arise between citizens of different states, 28 U.S.C. § 1332. If a case fits neither of these situations, the court lacks subject-matter jurisdiction. Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

In his complaint, Astrop does not raise any federal questions, as defamation and harassment are state law claims.[1] Further, the complaint shows a lack of diversity because both he and Newton reside in the same apartment building in Lawrenceville, Virginia, which is about

---

[1] Astrop argues that federal courts have jurisdiction over this complaint because the federal government subsidizes his housing. Under the well-pleaded complaint rule, the plaintiff must establish that his claim "arises under" federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983). Plaintiff's harassment and defamation claims arise under state law. The fact that the federal government subsidizes his housing does not transform these state law claims into a federal question for this Court.

as non-diverse as two people can be. Consequently, the Court lacks subject-matter jurisdiction and must dismiss this case.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to the pro se plaintiff.

Date: February 17, 2016
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge